UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LOVE TO LEARN ARTS ACADEMY, INC.,
a Florida nonprofit corporation, and
PARENTS OF STUDENTS OF THE LOVE
TO LEARN ARTS ACADEMY,
          Plaintiffs,

vs.                                                    CASE NO.  3:05-cv-393-J-25MCR

ST. JOHNS COUNTY SCHOOL BOARD,
a political subdivision of the State of Florida,
          Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Dkt.16).  Plaintiffs

have not responded.

### I.  Background

Love to Learn Arts Academy (Love to Learn), a Florida nonprofit corporation, is a public

charter school, located in St. Augustine, Florida.  The Parents of Students of the School are

concerned citizens who have chosen to send their minor children to Love to Learn.  Defendant,

St. Johns County School Board, is a political subdivision of the State of Florida charged with

overseeing the financial, operational, and curricular matters of the St. Johns County public

schools.

On March 22, 2005, Defendant held a meeting and voted to accept the superintendent of

schools recommendation that Love to Learn's charter not be renewed.  Since that date, Defendant

has acted to close the school.  This cause was filed in reaction to Defendant's decision.

In the First Amended Complaint, Plaintiffs allege the following counts:  Count I a

violation of Title VI of the Civil Rights Act of 1964 ; Count II a deprivation of rights guaranteed

by the Public Charter Schools Program ("PCSP"), the No Child Left Behind Act ("NCLBA") of

2001, 20 U.S.C. § 6301 *et seq*., and the Elementary and Secondary Education Act ("ESEA") of

1965, 20 U.S.C § 8066; Count III a claim that Defendant violated Love to Learn's equal

protection rights; Count IV a claim that Defendant failed to adhere to its federally mandated

obligations under the charter agreement; Count V a claim that the school board denied Love to

Learn the common-law due process in deciding not to renew the charter agreement; Count VI

that the school board violated the ESEA in not renewing Love to Learn's charter agreement; and

Count VII that the school board, superintendent and staff should be enjoined from any further

participation in this matter.

Defendant moves to dismiss Plaintiffs' complaint claiming 1) Plaintiffs failed to exhaust

administrative remedies, 2) Plaintiffs' claims are not ripe or, alternatively, the Court must abstain

from exercising jurisdiction, and 3) there are no "rights" upon which an action can be brought.

This Court denied Plaintiffs' requests for a temporary restraining order and preliminary

injunction.  Plaintiffs' Motion for an Extension of Time to respond to Defendant's Motion to

Dismiss was granted, but this extension expired on August 31, 2005, and Plaintiffs did not file a

response.  The parties have also failed to file a Case Management Report pursuant to Local Rule

3.05(c)(2).

## II. Failure to Exhaust Administrative Remedies

Defendant argues that Plaintiffs failed to exhaust administrative remedies before bringing

this action in federal court and thus the case should be dismissed.  While Plaintiffs claim to be

seeking redress for violations its civil rights, the charter contract and federal statutes, Defendant

argues that the only relief it is really seeking is declaratory and injunctive relief preventing

Defendant from terminating the charter.  The District School Board decided not to renew the

charter of Love to Learn, and thus Plaintiffs are appealing that decision, asking this Court to

reverse the School Board's decision.  Defendant argues that only the State Board of Education

can provide Plaintiffs' requested relief.  The State Board of Education is the administrative

agency which oversees the education system in Florida, and thus Plaintiffs were required to

exhaust administrative remedies before bringing this action in court.[1]

Florida Statute § 1002.33 governs the existence of charter schools in the state of Florida.

Pursuant to the statute, an application for a charter school must be approved by the District

School Board.  § 1002.33(6)(b).  The denial of a charter is appealed to the State Board of

Education which convenes a meeting of the Charter School Appeal Commission, the body

responsible for making recommendations to the State Board of Education regarding the appeal.  §

1002.33(6)(c).  "The Charter School Appeal Commission is established to assist the

commissioner and the State Board of Education with a fair and impartial review of appeals by

applicants ...whose charter contracts have not been renewed." § 1002.33(6)(e)(1).

The above excepts from the statute outline the process by which a party may challenge

the decision of a District School Board regarding the denial of a charter school application, or the

denial of an application renewal.  Plaintiffs did not comply with these requirements.  "Exhaustion

of administrative remedies is a general prerequisite to judicial review of any administrative

---

[1]Defendant also points out that after an appeal to the State Board, the proper action is to appeal
that decision to the state appellate courts, not the Federal District Court.

action." *Hedley v. U.S.*, 594 F.2d 1043, 1044 (5th Cir. 1979).[2]  The exhaustion requirement promotes judicial efficiency as well as the promotion of executive and administrative autonomy, allowing the agency the opportunity to remedy any mistakes prior to the involvement of the federal court. *McKart v. United States*, 395 U.S. 185, 194 (1969).

While Plaintiffs make numerous allegations in the amended complaint that the District School Board violated civil rights, the charter contract and various federal statutes, in each count, Plaintiffs seek "declaratory and injunctive relief, as well as monetary damages, together with interest, and reasonable attorney's fees."  Amended Complaint ¶¶ 60, 64, 70., 77, 86, 92, 99. However, in its Prayer for Relief, what Plaintiffs seem to be specifically seeking is declaratory relief, asking this Court to declare that Defendant violated various rights and statutes when if failed to renew the charter, and also is seeking to enjoin Defendants from performing the necessary actions to close the school.  Amended Complaint ¶¶ 1-7.  The Court agrees with Defendant that Plaintiffs are actually challenging the District School Board's decision not to renew the charter, and thus were required to comply with the requirements outlined in  § 1002.33(6).  Plaintiffs' Amended Complaint does not state that it has exhausted the administrative remedies outlined in § 1002.33(6) and Plaintiffs do not respond to Defendant's motion to dismiss.  The State Board of Education has not had the opportunity to review the District School Board's decision not to renew Love to Learn's charter.  Therefore, the filing of this action is premature.  Because the Court finds this action is due to be dismissed for failure to exhaust administrative remedies, no determination is made regarding Defendant's alternative

---

[2]*Bonner v. Prichard*, 661 F.2d 1206, 1207 (11t Cir. 1981) held that the decisions of the United States Court of Appeals for the Fifth Circuit decided on or before September 30, 1981 were binding precedent on the newly established Eleventh Circuit.

grounds for dismissal.

     Accordingly, it is **ORDERED**:

     Defendant's Motion to Dismiss is **GRANTED.**  The Clerk is directed to terminate any

pending motions as moot and to close the case.

     **DONE AND ORDERED** this _____28_____ day of ___November___, 2005.

                 **HENRY LEE ADAMS, JR.**
                 UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record